UNITED STATES DISTRICT COURT
For the
Eastern District of Wisconsin

**ALBERT ISLAMI,**
1211 W. Wisconsin Avenue, Apt. 11
Oconomowoc, WI 53066

      Plaintiff,

vs.

Case No. _____

**ASSOCIATED TRUCKING COMPANY, INC.,**
477 Shoup Avenue, Suite 207
Idaho Falls, ID 83402-3658

    -and-

**TRIAL BY JURY IS DEMANDED**

**GERALD M. GLORE,**
445 Wilson Drive
Idaho Falls, ID 83401-3610

    -and-

**CANAL INSURANCE COMPANY,**
400 E. Stone Avenue
Greenville, SC 29601

      Defendants.

## COMPLAINT

**NOW COMES** the Plaintiff, Albert Islami, by and through his attorneys, Law Offices of Joseph F. Owens, LLC, by Attorney Joseph F. Owens, and hereby alleges as follows:

### JURISDICTION

1. The Plaintiff, Albert Islami (hereinafter "Islami"), is a citizen of the State of Wisconsin residing at 1211 W. Wisconsin Avenue, Apt. 11, Oconomowoc, WI 53066.

2. The Defendant, Associated Trucking Company, Inc., [hereinafter "ATC"] is a corporation incorporated under the laws of the State of Idaho, engaged in the

business of interstate trucking and transport, having its principal place of business at 477 Shoup Avenue, Suite 207, Idaho Falls, ID 83402-3658.

3. The Defendant, Gerald M. Glore (hereinafter "Glore"), is a citizen of the State of Idaho whose last known address is 445 Wilson Drive, Idaho Falls, ID 83401-3610.

4. The Defendant, Canal Insurance Company, [hereinafter "Canal"], is a foreign insurance corporation, incorporated under the laws of the State of South Carolina, licensed in the State of Wisconsin to engage in the business of liability, property and casualty insurance, which has a principal office location at 400 E. Stone Avenue, Greenville, SC 29601, and at all times relevant hereto had in full force and effect a contract of liability/indemnity insurance insuring ATC and Glore in connection with the ownership and operation of the subject tractor/semi-trailer owned and/or controlled by ATC.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

### FIRST CLAIM FOR RELIEF – COMPLAINT FOR NEGLIGENCE

6. On August 8, 2016, at approximately 12:55 p.m., Islami was properly seat-belted while operating his vehicle Eastbound on U.S. Interstate Highway 94, within the speed limit in a construction zone in rural Waukesha County, Wisconsin, when a tractor/semi-trailer, ostensibly owned by ATC and being operated by Glore within the scope of his duties on behalf of ATC, moved into the left lane and side-swiped two vehicles, one of which was Islami's vehicle, causing bodily injury to him and property damage to his vehicle and its contents.

7. At the time of the incident, Islami's vehicle, after being forcibly struck on the right side by the ATC tractor/semi trailer being negligently operated by Glore, went up on two wheels traveling along a concrete medium barricade and then slammed back down on the pavement during which event Islami was subjected to severe physical trauma and emotional terror.

2

Case 2:19-cv-01073-PP   Filed 07/25/19   Page 2 of 4   Document 1

8. After clearing the construction zone, which Islami estimates to have been approximately three quarters of a mile down the road from the point of impact, he pulled over and stayed in his vehicle.

9. A Wisconsin State Patrol trooper arriving on the scene focused on the other car and did not approach Mr. Islami's parked vehicle. It took Mr. Islami some time to overcome the panic attack symptoms he was experiencing, but after approximately 15-20 minutes, Islami left the scene and proceeded to attend a family court hearing in Waukesha County Circuit Court scheduled for 1:30 p.m. at which his attendance was compulsory pursuant to court order. He then left his contact information at the State Patrol Office in Waukesha.

10. At all times relevant to this claim, Glore was negligent in his operation of the tractor/semi-trailer which struck Islami's vehicle at the aforementioned time and place.

11. As a direct and proximate result of Glore's negligence in the operation of the tractor/semi-trailer under his control, Islami's vehicle was damaged, and Islami suffered severe bodily injury, permanent functional impairment, physical and emotional pain and suffering, mental anguish, humiliation, past and future impaired earning capacity and has already incurred $34,090.64 in medical treatment expense, and will incur in the future monetary expenditures for additional treatment of his injuries.

12. At all times relevant hereto, ATC and Glore were insured under liability insurance policy(ies) issued by defendant, Canal, which indemnified both of these insureds from liability arising from negligent operation of motor vehicles owned, and/or controlled by ATC, subject to the contractual limits, terms and conditions of Canal's policy.

13. Upon information and belief, at all times relevant hereto, Islami had no medical insurance coverage and there are no subrogated parties.

WHEREFORE, the Plaintiff, Albert Islami, prays for judgment against ATC, Glore and Canal, jointly and severally, for compensatory damages sounding in tort in

favor of Albert Islami arising out of the subject tractor/semi-trailer accident including, but not limited to, property damage, and bodily injury; past and future physical and mental anguish, pain, suffering; humiliation, past and future reasonable and necessary medical treatment expense; and temporary and permanent physical functional past and future impairment, impaired earning capacity, and all costs, interest and disbursements reasonably incurred by him in the prosecution of this action, together with reasonable attorney's fees; and such other relief as the court deems just and equitable.

Dated this 25th day of July, 2019.

Law Offices of Joseph F. Owens, LLC
Attorneys for Plaintiff

_____
Joseph F. Owens
State Bar No. 1016240

Mailing Address
Law Offices of Joseph F. Owens, LLC
2665 S. Moorland Rd., Suite 200
New Berlin, WI 53151
Tele: (262) 785-0320
Fax: (262) 785-1729